IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| CARINE TAWAH, | * |
| Plaintiff, | * |
| v. | *   Civil No. 8:23-cv-02920-TJS |
| ALEJANDRO MAYORKAS, *et al.*, | * |
| Defendants. | * |

\* \* \* \* \* \*

**MEMORANDUM OPINION**

Pending before the Court is the Motion to Dismiss, or in the Alternative, Motion for Summary Judgment ("Motion") (ECF No. 14) filed by Defendants Alejandro Mayorkas, Ur Mendoza Jaddou, Merrick Garland, Jedidah Hussey, and Erek L. Barron (collectively, "Defendants").[1] Plaintiff Carine Tawah ("Ms. Tawah") has not filed a reply and the time to do so has now passed. *See* Loc. R. 105.2(a). Having considered the Motion, the Court finds that a hearing is unnecessary, and the Motion is ripe for decision. *See* Loc. R. 105.6. For the following reasons, the Motion will be granted.

**I.     Background**

The following facts are derived from Ms. Tawah's Complaint (ECF No. 1) and are taken as true for purposes of evaluating the Defendants' Motion. On August 7, 2020, Ms. Tawah filed her Form I-589 Application for Asylum and Withholding of Removal with the Arlington Asylum Office. *See* ECF No. 1 at ¶¶ 2, 14. On the same date, she received a notification that her asylum

---

[1] In accordance with 28 U.S.C. § 636(c), all parties have voluntarily consented to have the undersigned conduct all further proceedings in this case, including trial and entry of final judgment, and conduct all post-judgment proceedings, with direct review by the Fourth Circuit Court of Appeals if an appeal is filed. ECF No. 8.

application was accepted by the United States Citizenship and Immigration Services ("USCIS"). *Id.* at ¶ 14. Ms. Tawah has provided all the information USCIS requested, including biometrics appointments for security clearances. *Id.* at ¶ 15. Despite numerous inquiries to the USCIS National Customer Service Line since submitting her application, Ms. Tawah has been informed that her application remains pending with no estimated adjudication date. *Id.* at ¶ 18. She has experienced emotional distress due to the uncertainty about her future and the delay in the adjudication of her application. *Id.* at ¶ 22. The delay has also caused her to lose work time due to the need to consult with lawyers, make inquiries to USCIS, and attend "Info Pass" appointments at the USCIS including the Baltimore Office. *Id.*

Ms. Tawah brought this action to compel action on her asylum application. *Id.* at ¶ 1. She alleges that USCIS unreasonably delayed processing the application in violation of the Mandamus Act, 28 U.S.C. §§ 1361, 1651, the Administrative Procedure Act, 5 U.S.C. §§ 555, 701 ("APA"), the Declaratory Judgment Act, 28 U.S.C. § 2201, and the Equal Access to Justice Act, 5 U.S.C. § 504; 28 U.S.C. § 2412. *Id.* at ¶¶ 30-55.

**II.    Discussion**

   **A.  Legal Standard**

A motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction challenges a court's authority to hear the matter brought by a complaint. *Richardson v. Mayor & City Council of Baltimore*, No. RDB-13-1924, 2014 WL 60211, at *2 (D. Md. Jan. 7, 2014). Generally, "questions of subject matter jurisdiction must be decided 'first, because they concern the court's very power to hear the case.'" *Owens-Illinois, Inc. v. Meade*, 186 F.3d 435, 442 n.4 (4th Cir. 1999) (quoting 2 James Wm. Moore, *et al.*, *Moore's Federal Practice* § 12.30[1] (3d ed. 1998)). The plaintiff bears the burden of proving that subject matter jurisdiction properly exists in federal court.

*Evans v. B.F. Perkins Co., a Div. of Standex Int'l Corp.*, 166 F.3d 642, 647 (4th Cir. 1999). In a Rule 12(b)(1) motion, the court "may consider evidence outside the pleadings" to help determine whether it has jurisdiction over the case before it. *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991); *see also Evans*, 166 F.3d at 647. There are two ways to present a 12(b)(1) motion to dismiss. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). "A defendant may either contend (1) that the complaint fails to allege facts upon which subject matter jurisdiction can be based; or (2) that the jurisdictional facts alleged in the complaint are untrue." *Id.* The court should grant the 12(b)(1) motion "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Richmond*, 945 F.2d at 768.

Rule 12(b)(6) permits a court to dismiss a complaint if it fails to "state a claim upon which relief can be granted." "The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint, [and not to] resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). A complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (internal quotation marks omitted). A complaint must consist of "more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). When considering a motion to dismiss, a court must accept as true the well-pled allegations of the complaint and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). While a court must take the facts in the light most favorable to the plaintiff, it "need not accept the legal conclusions drawn from the facts" and "need not accept as true unwarranted

inferences, unreasonable conclusions, or arguments." *E. Shore Markets, Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint generally "does not need detailed factual allegations." *Id.* So long as the factual allegations are "enough to raise a right to relief above the speculative level," the complaint will be deemed sufficient. *Id.* A "well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable and that a recovery is very remote and unlikely." *Id.* at 556 (internal quotation marks omitted).

### B. Mandamus Act Claim

Under the Mandamus Act, district courts have "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. The extraordinary remedy of mandamus should be issued "only if [the plaintiff] has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." *Heckler v. Ringer*, 466 U.S. 602, 616 (1984). The party seeking mandamus relief bears the heavy burden to show that (1) the petitioner has a clear right to the relief sought; (2) the respondent has a clear duty to do the particular act requested by the petitioner; and (3) no other adequate remedy is available. *See Asare v. Ferro*, 999 F. Supp. 657, 659 (D. Md. 1998); *In re Beard*, 811 F.2d 818, 826 (4th Cir. 1987). Mandamus can be used only to compel ministerial acts of federal government officers, not discretionary duties. *Asare*, 999 F. Supp. at 659; *see also Meyers v. U.S. Dist. Ct. for Dist. of Maryland Baltimore Div.*, No. DKC-23-3015, 2024 WL 493268, at *2 (D. Md. Feb. 8, 2024) ("A ministerial act is one in which the law

4

prescribes and defines a duty to be performed with such precision as to leave nothing to the exercise of discretion or judgment.").

Ms. Tawah cannot prevail under the Mandamus Act because Defendants do not owe her a clear statutory duty. *See* ECF No. 14 at 9. Although USCIS is statutorily required to complete asylum applications within 180 days of filing absent exceptional circumstances, *see* 8 U.S.C. § 1158(d)(5)(A)(iii), there is no private right of action available if USCIS exceeds the 180-day deadline. Congress expressly stated that "[n]othing in this subsection shall be construed to create any substantive or procedural right or benefit that is legally enforceable by any party against the United States or its agencies or officers or any other person." 8 U.S.C. § 1158(d)(7). Even though the asylum application statute does not explicitly state that the pace of adjudication is discretionary, "it is apparent that USCIS enjoys broad discretion regarding how swiftly such decisions are made." *Tangmoh v. Majorkas*, JMC-21-02792, 2022 WL 1538627, at *3 (D. Md. May 16, 2022) (quoting *Daniel v. Mayorkas*, 2021 WL 4355355, at *3 (E.D. Va. Sept. 23, 2021)); *see also Polfliet v. Cuccinelli*, 955 F.3d 377, 382 (4th Cir. 2020) ("A statute need not literally contain the word 'discretion' in order to 'specify' discretion"). Because there is no private right of action under §1158(d) to enforce the asylum application timeframe, Defendants did not owe a "clear nondiscretionary duty" to Ms. Tawah. *See Noumbissie v. Garland*, No. RDB-22-3357, 2023 WL 8600510, at *2 (D. Md. Nov. 1, 2023); *see also Pesantez v. Johnson*, 2015 WL 5475655, at *2 (E.D.N.Y. Sept. 17, 2015) (holding that "[i]t is beyond serious dispute" that mandamus relief for asylum adjudications "is unavailable to compel compliance with a statutory obligation when the underlying statute expressly disclaims a private right of action"). Accordingly, this Court lacks subject matter jurisdiction over Ms. Tawah's mandamus claim, and the Motion is granted as to this claim.

### C. Administrative Procedure Act Claim

The APA permits courts to compel an agency action if it is "unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1); *Gonzalez v. Cuccinelli*, 985 F.3d 357, 365 (4th Cir. Jan. 14, 2021). To state a cause of action under the APA, a party must point to a specific provision within the APA authorizing judicial review of the relevant agency's action. *See NAACP v. Bureau of the Census*, 945 F.3d 183, 191 (4th Cir. 2019). Absent such a provision, courts lack jurisdiction to review agency actions. *Id.* (finding that failure to identify agency actions eligible for judicial review under the APA is a "jurisdictional defect"). Under § 701(a) of the APA, judicial review is precluded if the agency action is discretionary. 5 U.S.C. § 701(a); *Noumbissie*, 2023 WL 8600510, at *2. "[W]here an agency is *not required* to do something, [a court] cannot compel the agency to act—let alone to act faster." *Gonzalez*, 985 F.3d at 366 (*citing Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 63 n.1 (2004)). Here, "the timeframe for adjudicating asylum applications is discretionary, as the relevant statutes do not provide a specific timeframe in which applications should be adjudicated." *Noumbissie*, 2023 WL 8600510, at *2. There is no mandatory statute that specifies enforcement timelines for asylum applications. *See id*. As stated above, the 180-day requirement for USCIS to adjudicate asylum applications is discretionary. And the Attorney General has the authority to "establish a procedure for the consideration of asylum applications" in the manner best suited to adjudicate the applications. 8 U.S.C. § 1158(d). Because the statutory timeframe is discretionary and there is no provision in the APA authorizing judicial review of asylum application adjudications that exceed 180 days, this Court lacks jurisdiction to review Ms. Tawah's APA claim. The Motion is granted as to the APA claim.

Alternatively, even if the 180-day timeframe were not discretionary, Ms. Tawah still fails to state a claim because adjudication of her asylum application is not "unreasonably delayed" under

6

the APA. *See* ECF No. 14 at 14. To grant such relief, the Court would need to find the delay is unreasonable, a determination which is analyzed under the six-factor test set forth in *Telecommunications Research & Action Center v. FCC*, 750 F.2d 70 (D.C. Cir. 1984) ("*TRAC*"). *See South Carolina v. United States*, 907 F.3d 742, 759 (4th Cir. 2018) ("The *TRAC* factors weigh, inter alia, the interests at stake and the effect of expediting the delayed agency action"). The *TRAC* factors are used only when there is a challenge of an agency decision being "unreasonably delayed." *Id.* The factors are:

> (1) the time agencies take to make decisions must be governed by a "rule of reason;" (2) where Congress has provided a timetable [it] may supply content for this rule of reason; (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake; (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority; (5) the court should also take into account the nature and extent of the interests prejudiced by delay; and (6) the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed.

*TRAC*, 750 F.2d at 80 (internal citations omitted).

The first two TRAC factors weigh in Defendants' favor. USCIS uses a combination of a "Last-In First-Out" ("LIFO") policy and a backlog reduction effort, which together creates a "rule of reason." *See* ECF No. 14 at 15. The LIFO scheduling system addresses the merits of the most recently filed asylum claims first to deter frivolous applications, while the backlog reduction effort processes the oldest applications. *Id.* at 15-16. And while Congress provided the 180-day timeframe within which applications are to be adjudicated, "it also provided that this timeline is unenforceable and gave the agency discretion to depart from it in exceptional circumstances, such as the current backlog." *Noumbissie*, 2023 WL 8600510, at *3 (citing 8 U.S.C. § 1158(d)(7)). As to the third and fifth factors, there is no risk to human health and welfare nor will Ms. Tawah be prejudiced, as Ms. Tawah may remain in the United States and work here while her application is

pending. *See* ECF No. 14 at 1, 17. Ms. Tawah has not filed a request to expedite her application on the basis of humanitarian grounds, nor has she applied for advance parole, which would allow her to travel outside the United States. *See id.* at 17-18. Under the fourth factor, expediting the adjudication of Ms. Tawah's application could result in the delay of higher-priority asylum cases, such as those involving credible fear at the border and unaccompanied minors. *See id.* at 18. Finally, under the sixth factor, there are no facts in the record that indicate any impropriety on the part of Defendants. Ms. Tawah's asylum application has been pending for less than four years, and as other courts have found, "a three-to four-year delay in the adjudication of an asylum action is not unreasonable." *Noumbissie*, 2023 WL 8600510, at *3. Considering the *TRAC* factors, the Court finds Ms. Tawah fails to state a claim that her application has been unreasonably delayed under the APA. Accordingly, the Motion is granted on this alternative ground.

### III.   Conclusion

For the reasons set forth above, Defendant's Motion (ECF No. 14) is **GRANTED,** and this case is **DISMISSED WITHOUT PREJUDICE**.


Date: May 14, 2024                                     /s/
                                              Timothy J. Sullivan
                                              Chief United States Magistrate Judge